IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **JOHN TAYLOR CONDIT** | § | Cause No. 03-57256-LMC-7 |
| Debtor | § | **Chapter 7** |
| | § | |

FILED
APR 1 4 2004
U.S. BANKRUPTCY COURT
BY_____DEPUTY

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## FILED BY WASHINGTON MUTUAL BANK, F.A.

TO THE HONORABLE LEIF CLARK, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES WASHINGTON MUTUAL BANK, F.A. F/K/A BANK UNITED ("Washington Mutual"), a creditor and party in interest in this bankruptcy case, and files this Motion for Relief from Automatic Stay so that Washington Mutual may exercise its rights available to it by virtue of its judgment lien against certain assets of the bankruptcy estate, and in support of such Motion would respectfully show the Court as follows:

### JURISDICTION

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1334, 28 U.S.C. Section 157, and 11 U.S.C. Section 362.

### FACTS AND ARGUMENTS IN SUPPORT OF MOTION

2. John Taylor Condit ("Debtor") filed this Chapter 7 proceeding on December 24, 2003.

3. The Debtor, along with his brothers, Jeffrey Condit and Paul J. Condit II (aka "Jim Condit"), and his father, Paul J. Condit, were all guarantors on three original notes to Washington Mutual that were executed by Texas Equipment Company, Inc. ("Texas Equipment") on June 24, 1999 and February 15, 2000. Washington Mutual sued each of the individual debtors in connection with their guaranties of the debt of Texas Equipment in the United States District Court for the



Northern District of Texas before the Honorable Sam Cummings: *Washington Mutual Bank, F.A. v. Jeffrey Condit, Paul Condit, John Condit, and Paul Condit, II, Cause No. 5:01CV0250-C: United Stated District Court for the Northern District of Texas, Lubbock Division*, where judgment was rendered against them, jointly and severally, in the amount of $6,730,472.03, on February 27, 2002 (the "Judgment").

### A. Post Judgment Discovery and Request for Appointment of Receiver and Turnover

4. In the course of post-judgment discovery taken in the case, Washington Mutual learned that the Debtor owned or controlled numerous corporations and limited partnerships that, in turn, owned or controlled at least fourteen apartment complexes in four different states. It also discovered that the Debtor owned stock in closely held corporations with his brothers and father. Its discovery further revealed that the cornerstone of John T. Condit's asset protection scheme was an entity known as Domicile Property Management, Inc. ("DPMI"), and that the Debtor was DPMI's president, sole director, and shareholder. The corporations and limited partnerships that were all effectively controlled by the Debtor, hired DPMI to manage their real property. Under the management agreements, the majority of the profit from each property was effectively funneled to DPMI and, ultimately to the Debtor or one of his other business enterprises.

5. Because of the difficulties presented in executing on its Judgment against John T. Condit, Washington Mutual was forced to file an Application for Turnover and Appointment of Receiver on March 6, 2003.

### B. Turnover Granted and Receiver Appointed:

6. On April 10, 2003, after notice and hearing, the U.S. District Court granted Washington Mutual's Application for Turnover and Appointment of Receiver and Fernando Bustos was appointed Receiver for John T. Condit ("Turnover Order"). The Receiver's appointment became

effective on April 15, 2003 when he filed an oath with the Court and posted a $1,000 bond. The court, in its Turnover Order, identified 20 assets and property interests of John T. Condit to be nonexempt and not readily subject to ordinary execution, and directed the Debtor to execute any and all documents necessary to convey title to the specifically designated assets and property interests, which are more particularly listed and described as follows:

- a. Domicile Property Management, Inc., consisting of a 100% stock ownership interest;

- b. Domicile Investment Group, Inc., consisting of a 100% stock ownership interest;

- c. Condit Family, Inc. consisting of a 49% stock ownership interest;

- d. Affordable Asset Development, Inc., consisting of a 1/3rd stock ownership interest;

- e. Houston Street Redevelopment, Inc., consisting of a 50% stock ownership interest;

- f. Fowler Square, Inc., consisting of 1/3rd stock ownership interest;

- g. Little Rock Willow Creek, Inc., consisting of a 1/3rd stock ownership interest;

- h. Palestine Apartments, Inc., consisting of a 1/3rd stock ownership interest;

- i. Britt Hills, Inc., consisting of a 1/3rd stock ownership interest

- j. Sitka Investment Corp., consisting of a 1/3rd stock ownership interest;

- k. Blake Lee Arthur Development, L.L.C., consisting of a 75% membership interest;

- l. Condit Agribusiness, Inc., consisting of an unknown stock ownership;

- m. Condit Brothers of Texas, Inc., consisting of a 40% stock ownership interest;

- n. Alpha SemTex, Inc., consisting of a 40% stock ownership interest;

- o. Beta SemTex, Inc., consisting of a 1/3rd stock ownership interest;

- p. Gamma SemTex, Inc., consisting of a 20% stock ownership interest;

q. Gaines County Equipment Leasing, Inc., consisting of a 1/3rd stock ownership interest

r. John T. Condit Number One Limited Partnership, consisting of a 49½% interest

s. Britt Oak, Ltd., consisting of a 1/3rd interest; and

t. Three J Farms, consisting of a 1/3rd partnership interest.

7. On July 17, 2003, the Receiver, after having conducted a 4-month investigation into the affairs of John T. Condit, filed his Ex Parte Motion of Receiver For Authority to Employ Property Management Company to Assume Management Operations of Domicile Property Management, Inc. ("DPMI") and For Related Orders to Protect Value of Associated Assets. The court immediately granted the Motion allowing the Receiver to vote the DPMI stock and displace John T. Condit as the sole director and chief operating officer of DPMI. The Lubbock District Court also put into place a Restraining Order prohibiting John T. Condit, or anyone acting in concert with him, from taking actions that would diminish the value of DPMI or the other assets that were the subject of the Turnover Order. The Court's order also directed the Debtor and any person acting in concert with him to immediately provide full access to the Receiver to all right, title and interest of the Debtor in the specifically listed assets.

8. On July 24, 2003, the Receiver, acting pursuant to the authority vested in him by the U.S. District Court for the Northern District of Texas, accompanied by two U.S. Marshals, executed the order upon the Debtor at the headquarters of DPMI located at 601 Howard in San Antonio, Texas. Such process was documented and filed with the U.S. District Clerk by the United States Marshals Service on August 15, 2003.

9. Following a hearing held by the U.S. District Court on August 5, 2003 to consider the Receiver's request for a preliminary injunction, the Judge entered its order on August 11, 2003, granting the Receiver continued authority to use McDougal Properties, L.L.C. ("McDougal"), which is located in Lubbock, to operate DPMI and put in place a preliminary injunction to protect the value of the assets, due to improper actions by the Debtor through the use of DPMI.

10. Since that time the Receiver has been operating DPMI, and has been authorized by the Court to pay all of the costs associated with McDougal's operations, pay himself and his firm all attorneys' fees and costs, reimburse Washington Mutual for all of its attorneys' fees and costs, and then to begin making quarterly payments to Washington Mutual to apply against its judgment upon appropriate motion and order of the Court

11. Washington Mutual asserts that as a result of the appointment of the Receiver and the issuance and execution of the Turnover Order that it holds a perfected judgment lien against all of the assets of the Debtor listed in the Turnover Order.

12. Although John T. Condit had been specifically ordered to convey title to the assets referenced by the April 10, 2003 Order of the U.S. District Court for the Northern District of Texas, Lubbock Division, to facilitate their liquidation, he did not do so until November 14, 2003, following the entry of an Order adjudicating John T. Condit to be in contempt of the Lubbock U.S. District Court for failing to transfer the property interests set forth in the Receivership Order and ordering him to pay the sum of $1,000.00 per day until he complied with such Order.

13. On November 14, 2004, the Debtor executed Bills of Sale on each of the listed assets conveying all of his right, title and interest to the 20 assets listed in the Turnover Order to the Receiver.

## C. Bankruptcy Filed by Debtor:

14. John T. Condit filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the Western District of Texas, San Antonio Division on December 24, 2003 under Cause No. 03-57256-C, In re: John T. Condit aka John Taylor Condit, thereby invoking the automatic stay provisions of 11 U.S.C. Section 362.

## D. Argument in Support of Motion for Relief from Stay

15. Washington Mutual has a claim against the Debtor and his bankruptcy estate in the form of the balance owing on its Judgment as of December 24, 2003, of $6,132,871.24. This claim is secured by Washington Mutual's judgment lien against the 20 assets listed in the Turnover Order by virtue of the actions of the Receiver appointed pursuant to the provisions of Section 31.002 of the Texas Civil Practice and Remedies Code.

16. Currently pending before the Court and set for hearing on August 14, 2004, is the Motion of Washington Mutual Bank to Retain the Receiver along with its Motion to Abstain. By the relief sought in the Motion to Retain the Receiver, Washington Mutual seeks to continue to use the services of the Receiver to operate DPMI and produce a revenue stream to apply against its Judgment. Washington Mutual also seeks to employ the services of the Receiver to take all necessary actions to liquidate the other assets listed in the Turnover Order and apply the proceeds realized from such liquidation to the Judgment. By virtue of the relief it is now seeking in this Motion to Lift the Automatic Stay, Washington Mutual seeks authority to take all actions that may be necessary to pursue remedies that may be available to it through use of the Receiver and any motions or pleadings that it or the Receiver may deem necessary in the U. S. District Court for the Northern District of Texas, Lubbock Division, or any other courts of competent jurisdiction.

17. Debtor has filed his bankruptcy as a Chapter 7, and, thus the assets subject to the

judgment lien of Washington Mutual are not necessary for an effective reorganization.

18. Further, there is no equity available to the bankruptcy estate in the assets listed in the Turnover Order because the balance owing on the Judgment of Washington Mutual exceeds the value of the assets.

19 Since the assets listed in the Turnover Order are not necessary to an effective reorganization, and there is no equity in such assets available for the benefit of the bankruptcy estate, the automatic stay should be lifted pursuant to 11 U.S.C. Sec. 362(d)(2), and Washington Mutual should be permitted to continue to employ the services of the Receiver appointed by the U.S. District Court for the Northern District of Texas and pursue any other remedies that may be available to it or the Receiver by legal process or otherwise.

20. Washington Mutual asserts that the assets that are subject to the Turnover Order will not be adequately protected unless the Receiver remains in possession of them and continues to operate DPMI and continues his efforts to liquidate the other assets. Washington Mutual asserts that should the Chapter 7 Trustee have possession of the assets subject to the Turnover Order delivered to him pursuant to the provisions of 11 U.S.C. Section 543(a) and (b) that such assets would deteriorate in value and impair its interest in them. As a consequence, Washington Mutual asserts that the automatic stay should be lifted in accordance with the provisions of 11 U.S.C. Section 362(d)(1).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Washington Mutual prays that after adequate notice and opportunity for hearing under the circumstances that the Bankruptcy Court enter an order lifting the stay pursuant to the provisions of 11 U.S.C. § 362(d) of the Bankruptcy Code so that Washington Mutual may take any and all actions necessary to continue to employ the services of the Receiver appointed by the U.S. District Court for the Northern District of Texas, Lubbock Division,

to operate DPMI and liquidate the other assets listed in the Turnover Order. Washington Mutual further seeks authority to take all actions that may be necessary to pursue remedies that may be available to it through use of the Receiver and to file any motions or pleadings that it or the Receiver may deem necessary in the U. S. District Court for the Northern District of Texas, Lubbock Division, or any other courts of competent jurisdiction in order to carry out the purposes of the Turnover Order, and Washington Mutual seeks such other and further relief as the Court may deem necessary and proper.

                              Respectfully Submitted,

                              MULLIN HOARD & BROWN, L.L.P.
                              P. O. Box 2585
                              Lubbock, Texas 79408-2585
                              Tel: 806/765-7491
                              Fax: 806/765-0553

                              By: _____
                              David R. Langston, SBN: 11923800

                              ***Attorneys for Washington Mutual Bank, F.A.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2004, a true and correct copy of the foregoing Motion for Relief of Automatic Stay was mailed first class, U.S. Mail, postage prepaid, to the following parties in interest:

| | | | |
|---|---|---|---|
| 1. | Ronald J. Johnson<br>105 South St. Mary's Street<br>Suite 850<br>San Antonio, Texas 78205<br>***Attorney for Debtor*** | 2. | Randolph Osherow<br>342 W. Woodlawn<br>San Antonio, Texas 78212<br><br>***Chapter 7 Trustee*** |

3.    All creditors and parties in interest reflected on the attached Matrix.

                                                _____
                                                David R. Langston

Ronald J. Johnson
105 S. St. Mary's St.
Suite 850
San Antonio, Texas 78205

Richard Ladd
1212 Texas Avenue
P.O. Box 5189
Lubbock, Texas 79408-5189

Bill Parkinson
U.S. Trustee's Office
1100 Commerce Street, Room 9C60
Dallas, Texas 75242

Tommy Swann
McCleskey, Harriger, Brazill & Graf, L.L.P.
P.O. Box 6170
Lubbock, Texas 79493

AT&T Wireless
P.O. Box 8220
Aurora, IL 60572-8220

American Agape Foundation Inc.
210 W. Laurel Street
San Antonio, TX 78212

Fernando M. Bustos
Mccleskey, Harriger, et al.
P.O. Box 6170
Lubbock, TX 79493

Patsy Condit
P.O. Box 189
Seminole, TX 79360

Deere & Company
Thurman & Phillips, P.C., c/oEd Phillips
8000 IH 10 West, Ste. 1000
San Antonio, Texas 78230-3896

Employees of Domicile Property Management
6800 Park Ten West
San Antonio, TX 78213-4208

Randolph N. Osherow
342 W. Woodlawn
San Antonio, Texas 78212

Myrtle McDonald
Jones, Flygare, Brown & Wharton,
P.O. Box 2426
Lubbock, Texas 79408-2426

Mike Calfin
P.O. Box 737
Lubbock, Texas 79408

Harvey Morton
Law Offices of Harvey Morton
P.O. Box 10305
Lubbock, Texas 79408

Agape Community Housing
210 W. Laurel Street
San Antonio, TX 78212

Bank of America
Attn: Russell Bentley
601 NW Loop 410
San Antonio, TX 78216

Chase Manhattan Bank
950 Cordindale
Houston, TX 77024

Davis, Ray & Co.
Certified Public Accountants
P.O. Box 309
Seminole, TX 79360

Domicile Property Management
6800 Park Ten Blvd.
Suite 200N
San Antonio, TX 78213-4208

F.P.C. Financial
c/o Thurman & Phillips
8000 IH 10 West, Ste 1000
San Antonio, TX 78230

Max Tarbox
Law Office of Max R. Tarbox
3223 South Loop 289, Suite 414
Lubbock, Texas 79423

Carol A. Robertson
Washington Mutual,
Legal Dept., N110701
9200 Oakdale Avenue
Chatsworth, CA 91311

Russell Nelms
Carrington, Coleman, Sloman, & Blumenthal, L.L.P.
200 Crescent Court, Suite 1500
Dallas, Texas 75201-1848

A.J. Gonzales
301 Encino Ave.
San Antonio, TX 78209

Agricredit Acceptance LLC
4412-114th Street
P.O. Box 7902
Urbandale, IA 50322

Blake-Lee Aurther Dev. LLC
c/o F. Bustos, Receiver
P.O. Box 6170
Lubbock, TX 79493

Bob L. Clements
P.O. Box 1850
McKinney, TX 75070

Deere & Company
Ed Phillips, Jr.
8000 IH 10 West, #1000
San Antonio, TX 78230-3896

Banc One Community Development
Attn: Wayne Koehler
100 East Broad Street
Columbus, OH 43215

FPC Financial, F.S.B.
Ed Phillips, Jr.
8000 IH 10 West, #1000
San Antonio, TX 78230-3896

FPC Financial, f.s.b.
Thurman & Phillips, P.C., c/o Ed Phillip
8000 IH 10 West, Ste. 1000
San Antonio, Texas 78230

First United Bank/Seagraves
P.O. Box 277
Seaqraves, TX 79359

GMAC
P.O. Box 630071
Dallas, TX 75263-0071

GMAC
P.O. Box 660208
Dallas, TX 75266-0208

Mark Gross
9018 Tesoro, Suite 102
San Antonio, TX 78217

Guilford Capital Corp.
2600 E. South Blvd.
Ste 230
Montgomery, AL 36116

Guilford Capital Corporation
c/o Michael M. Parker
Fulbright & Jaworski L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205

Houston Housing Authority
City of Houston
2640 Fountainview, #400
Houston, TX 77057

Internal Revenue Service
Special Procedures Branch
300 E 8th St., STOP 5022 AUS
Austin, TX 78801

Jeffrey Condit
16710 Ledge Creek Street
San Antonio, TX 78232

John Deere
4040 McEwen, Suite 200
Dallas, TX 75244-5032

John Deere Credit Company
P.O. Box 6600
Johnson, IA 50131-6600

Calcasieu, Ltd
Attn: Marcus Rogers
745 E. Mulberry, Suite 850
San Antonio, Tx. 78212

John T. Condit No. 1 Limited
c/o F. Bustos, Receiver
P.O. Box 6170
Lubbock, TX 79493

John T. Condit No. 1 Limited
c/o Tina L. Condit
32121 Burnt Cedar W.
Fair Oaks Ranch, TX 78015

Law Offices Michael H. Carper
1102 Main Street
Lubbock, TX 79401

Lend Lease Asset Management
Attn: Thomas Wainscot
700 N. Pearl, #2400
Dallas, TX 75201

Palestine Apartments, Inc.
6800 Park Ten Blvd.
Suite 200N
San Antonio, TX 78213-4208

Paul Condit
P.O. Box 189
Seminole, TX 79360

Paul J. (Jim) Condit II
13418 Vista Del Rey
San Antonio, TX 78216

Paul J. Wilson
7202 Chartwell Circle
Fair Oaks Ranch, TX 78015

Perspective Real Estate LLC
c/o Ken Brucks
827 Oakwood Blvd.
New Braunfels, TX 78130

Plaza Club
Frost Bank Tower
21st Floor
San Antonio, TX 78205

Tina L. Condit
32121 Burnt Cedar W
Fair Oaks Ranch, TX 78015

United States Attorney
601 NW. Loop 410, Suite 600
San Antonio, TX 78216

United States Trustee - SA12
U.S. Trustee's Office
615 E. Houston, Suite 533
P.O. Box 1539
San Antonio, TX 78295-1539

Wachovia Securities
c/o Johnathan Lahn
301 S. College St. NC 0173
Charlotte, NC 28288

Wenson & Associates
7010 Hwy 71 West
Ste 340-354
Austin, TX 78735

William Wenson
7010 Hwy 71 West
Ste 340-354
Austin, TX 78735

Lee H. Copeland
444 South Perry Street
P.O. Box 347
Montgomery, Alabama 36101

R. David Fritsche
Law Offices of R. David Fritsche
921 Proton Road
San Antonio, Texas 78258-2726

Citi Cards
7920 N.W. 110th St.
Kansas City, MO 64153

Patrick L. Huffstickler
Cox & Smith, Inc.
112 E. Pecan St., Ste. 1800
San Antonio, TX 78205

John Taylor Condit
32121 Burnt Cedar W
Fair Oaks Ranch, TX 78015

John Hoffman
112 East Pecan
Suite 1500
San Antonio, Texas 78205

David Starr
2161 NW Military Hwy.
Suite 111
San Antonio, Texas 78213-4208

Michael Parker
Fulbright & Jaworski, L.L.P.
Suite 2200
300 Convent Street
San Antonio, Tx. 78205

Andy Aycock
Field, Manning Stone Hawthorne
2112 Indiana Ave.
Lubbock, Texas 79410-1444

Peter James Stanton
105 S. St. Mary's St.
Suite 850
San Antonio, TX 78205-0001